**FILED**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

OCT 14 2003

LARRY W. PROPES, CLERK
COLUMBIA, S.C.

| | | |
|---|---|---|
| Ryan Brady, | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | 3 03 3266 10 |
| | ) | |
| v. | ) | |
| | ) | **NOTICE OF REMOVAL** |
| Whirlpool Corporation and Best Buy, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pursuant to 28 U.S.C. § 1441, Defendants Whirlpool Corporation and Best Buy, hereby jointly file this Notice of Removal of this action from the Court of Common Pleas, Fifth Judicial Circuit, Richland County, South Carolina, where it is now pending, to the United States District Court for the District of South Carolina, Columbia Division, and show the Court as follows:

**Preliminary Statement**

1. Plaintiff filed the state court action entitled *Ryan Brady v. Whirlpool Corporation and Best Buy,* No. 03CP404298, on September 5, 2003 in the Court of Common Pleas, Fifth Judicial Circuit, Richland County, South Carolina.

2. The Plaintiff in this action seeks to recover damages for an allegedly defective air purifier manufactured and distributed by Defendants. The Complaint seeks actual and punitive damages.

3. Plaintiff's Summons and Complaint were served on Whirlpool Corporation on September 11, 2003. The Summons and Complaint were served on Best Buy on September

# CERTIFICATE OF SERVICE

I, the undersigned administrative assistant, of the Law Offices of Nelson Mullins Riley & Scarborough, attorneys for the Defendant, Whirlpool Corporation, do hereby certify that I have served all Counsel in this action with a copy of the pleading(s) herein below specified by mailing the same by United States Mail, postage prepaid, to all Counsel at the following address:

Pleadings:         Notice of Removal
                   Civil Cover Sheet
                   Responses to Local Rule 23.01 Interrogatories

Counsel Served:

                   James A. Merritt, Jr., Esquire
                   Berry Quackenbush & Stuart, PA
                   P.O. Box 394
                   Columbia, SC  29202

                   Evans T. (Van) Barnette, Esquire
                   McCutchen Blanton Johnson & Barnette, LLP
                   P.O. Drawer 11209
                   Columbia, SC  29211

                                          *Carolyn M. McLeod* (signature)
                                          Carolyn M. McLeod
                                          Administrative Assistant

October 10, 2003

10, 2003. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings and process served upon all parties in the Court of Common Pleas, Fifth Judicial Circuit, Richland County, South Carolina are attached hereto as **Exhibit A**, and are incorporated herein by reference as if fully set forth.

### Grounds for Removal

4. There is jurisdiction over this removed action pursuant to 28 U.S.C. § 1441 because it could originally have been brought in this Court pursuant to 28 U.S.C. § 1332 and 1367. All parties are diverse and the amount in controversy exceeds $75,000.

### Diversity Jurisdiction

5. Plaintiff is a citizen of South Carolina. (Compl. ¶ 1). Defendant Whirlpool Corporation is a Delaware corporation with its principal place of business in Benton Harbor, Michigan. Defendant Best Buy is a Minnesota corporation with its principal place of business in Richfield, Minnesota. Therefore, there is complete diversity of citizenship between Plaintiff and Defendants in this matter. *See* 28 U.S.C. § 1332(a)(1).

6. Plaintiff's Complaint also meets the over $75,000.00 amount-in-controversy requirement for diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Plaintiff's Complaint seeks actual damages in excess of $50,000.00 and punitive damages which, under the law in South Carolina, amounts to damages in excess of $75,000.00. *See Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943); *Woodward v. Newcourt Commercial Finance Corp.*, 60 F. Supp. 2d 530, 532 (D.S.C. 1999). Although the Complaint merely alleges actual damages in excess of $50,000.00, correspondence from Plaintiff's counsel alleges that Plaintiff's "losses easily exceed $100,000.00."

7. Defendant Best Buy consents to this Notice of Removal. A copy of its consent is attached hereto as **Exhibit B**.

8. Concurrent with the filing of this Notice of Removal, a copy of this Notice is being served by United States mail to Plaintiff's counsel of record, as indicated by the attached Certificate of Service, and is being filed with the clerk of the Court of Common Pleas, Fifth Judicial Circuit, Richland County, South Carolina.

> NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.
>
> By: *Robert W. Foster*
> Robert W. Foster, Jr.
> Federal Bar No. 875
> Kaymani D. West
> Federal Bar No. 7743
> Keenan Building, Third Floor
> 1330 Lady Street
> Post Office Box 11070 (29211)
> Columbia, SC 29201
> (803) 799-2000
>
> Attorneys for Whirlpool Corporation

Columbia, South Carolina

_October 10_, 2003.

EXHIBIT A


CT System

**Service of Process Transmittal Form**

Greenville, South Carolina

09/10/2003

Via Federal Express (2nd Day)

**TO:** Daniel Hopp VP & Gen Csl (Mail Drop 2200)
Whirlpool Corporation
2000 M-63 North
Benton Harbor, MI 49022

Phone: 616923-3223
FAX: 616923-3722
EMAIL: DANIEL_F_HOPP@WHIRLPOOL.COM

**DATE RECEIVED**

**SEP 1 1 2003**

**LAW DEPARTMENT**

**RE: PROCESS SERVED IN SOUTH CAROLINA**

**FOR** Whirlpool Corporation Domestic State: De

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

1. TITLE OF ACTION: Ryan Brady vs Whirlpool Corporation and Best Buy
2. DOCUMENT(S) SERVED: Summons: Complaint
3. COURT: Common Pleas - Richland County, SC
   Case Number 03-CP-40-4298
4. NATURE OF ACTION: Propety Damages: House fire is alleged to have been casued by electrical short in Air Purifier - Serial Number 3995289
5. ON WHOM PROCESS WAS SERVED: CT Corporation System, Greenville, South Carolina
6. DATE AND HOUR OF SERVICE: By Process server on 09/10/2003 at 14:00
7. APPEARANCE OR ANSWER DUE: Within 30 days
8. ATTORNEY(S): James a. Merritt, Jr.
   Berry Equckenbush & Stuart PA
   P.O. Box 394
   Columbia, SC 29202

9. REMARKS:

CC: Lissa Barber
Whirlpool Corporation
2000 M-63 North
Benton Harbor, MI 49022
EMAIL: LISABETH_M_BARBER@EMAIL.WHIRLPOOL.COM

SIGNED CT Corporation System
PER Supervisor of Process /SP
ADDRESS 75 Beattle Place
Greenville, SC 29602
SOP WS 0005685123

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

COUNTY OF RICHLAND   )
                    )
Ryan Brady,         )
                    )
         Plaintiff, )         03CP404298
                    )
    v.              )         CIVIL COVER SHEET
                    )
Whirlpool Corporation and )
Best Buy,           )
                    )
         Defendants.)
                    )

C.A. No.: _____

The cover sheet and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed and dated. A copy of this Cover Sheet **must be served on the defendant(s) along with the Summons and Complaint.**

NATURE OF ACTION: (check one category for the main cause of action)

( ) TORT–Motor Vehicle
( ) TORT--Professional Malpractice
( ) TORT--Unfair Trade Practices, and
      Other Economic or
      Business-Related Wrongs
(X) TORT--Products Liability
( ) TORT–General or Other

( ) PCR

( ) GOV/ADM--Property Seizure
( ) GOV/ADM--General or Other

( ) CONTRACT--Debt Collection
( ) CONTRACT--Employment
( ) CONTRACT--Construction
( ) CONTRACT--Wrongful Breach
( ) CONTRACT--General or Other

( ) REAL PROPERTY

( ) MINOR SETTLEMENTS
( ) DOMESTICATE FOREIGN JUDGMENT
( ) OTHER (Please Describe)

FILED 2003 SEP -5 PM 4:45 CAROLINA SCOTT C.C.C. & G.S.

**JURY DEMAND (XX) YES    ( ) NO**

NOTE: Information requested on this form is preliminary in nature, and for administrative purposes only. The response to this request for information on jury demand merely indicates a likelihood that a jury trial will or will not be requested and does NOT constitute a demand for or a waiver of trial by jury pursuant to applicable rules or statutes.

DOCKETING INFORMATION (Check one box.)

( )   This case is subject to **arbitration** (all cases with monetary damages less than $25,000 are subject to arbitration, unless otherwise exempt).
(X)   This case is subject to **mediation** (all cases not subject to arbitration must be mediated, unless otherwise exempt).
( )   This case is exempt from ADR, and certificate is attached.

James A. Merritt, Jr., Esquire
Kelli L. Sullivan, Esquire
Attorneys for Plaintiff
Berry, Quackenbush & Stuart, P.A.
P.O. Box 394
Columbia, SC 29202-0394
(803) 779-2650

Columbia, South Carolina
September 5, 2003

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

IF THE DOCKETING INFORMATION ON THE REVERSE SIDE OF THIS COVER SHEET INDICATES THAT THIS CASE IS SUBJECT TO **MEDIATION**, YOU ARE NOTIFIED THAT MEDIATED SETTLEMENT CONFERENCES ARE REQUIRED IN THIS CASE, AND THAT YOU ARE REQUIRED TO TAKE THE FOLLOWING ACTION(S):

1. The parties shall select a mediator within 120 days of the filing of this action, and the plaintiff shall file a "Stipulation of Mediator Selection" within 14 days thereafter. If the parties cannot agree upon the selection of the mediator within 120 days, the plaintiff shall notify the court by filing a written "Request for Appointment of a Mediator" within 14 days thereafter. The court shall then appoint a mediator from the court-approved mediator list.

2. A party must make any motion to dispense with or defer mediation, or to refer the case to an alternative dispute resolution (ADR) process other than mediation, no later than 10 days after the court order appointing a mediator. Please note that you are not required to wait for an order appointing a mediator before making this motion. It may be made at any time prior to the expiration of 10 days after the court order appointing a mediator.

3. The initial mediated settlement conference must be held within 60 days after either the Notice of Selection of Mediator or the court appointment of a mediator.

4. Motion of a party to be exempted from payment of mediator fees due to indigency should be filed with the court within 10 days after the settlement conference has been concluded.

5. The mediator shall report the result of the mediated settlement conference on the court-approved form.

**Please Note:** Attendance at a mediated settlement conference is mandatory. You must comply with the Supreme Court Rules regarding court-ordered mediation. Failure to do so may affect your case or may result in sanctions.

IF THE DOCKETING INFORMATION ON THE REVERSE SIDE OF THIS COVER SHEET INDICATES THAT THIS CASE IS SUBJECT TO **ARBITRATION**, YOU ARE NOTIFIED THAT AN ARBITRATION HEARING IS REQUIRED IN THIS CASE. AND THAT YOU ARE REQUIRED TO TAKE THE FOLLOWING ACTION(S):

1. Within 20 days after the filing of the last responsive pleading or the expiration of the time for filing responsive pleadings, the plaintiff, on behalf of the consenting parties, shall file either a "Stipulation of Arbitrator Selection" identifying the choice of an arbitrator or shall notify the court that the parties cannot agree upon an arbitrator by filing a "Request for Appointment of Arbitrator". Upon receipt of a "Request for Appointment of Arbitrator" the court shall appoint an arbitrator from the court-approved arbitrator list.

2. The parties may choose an arbitrator who is not on the court-approved list, or who is not certified, only if requirement of Arb. Rule 2(c) are met. The "Stipulation of Arbitrator Selection" form must be completed and signed by the parties and the proposed arbitrator, and approved by the court if the proposed arbitrator is not certified.

3. A party must make any motion to exempt or withdraw an action from arbitration at least ten (10) days before the arbitration hearing, and make a showing that (1) the amount of the claim(s) exceeds $25,000; or., (2) the action is excepted from arbitration under Arb. Rule 1(a); (3) there is a strong and compelling reason to do so. Please note that you are not required to wait for an order appointing an arbitrator before making this motion.

4. The arbitration hearing must be scheduled, with notice to the parties, to begin within 60 days after the filing of the "Stipulation of Arbitrator Selection" or "Order Appointing Arbitrator."

5. The right to proceed _in forma pauperis_ is not affected by the Rules for Circuit Court Arbitration.

**Please Note:** Attendance at an arbitration hearing is mandatory. You must comply with the Supreme Court Rules regarding court-ordered arbitration. Failure to do so may affect your case or may result in sanctions (Arb. Rule 3).

**CT System**

Service of Process Transmittal Form
Greenville, South Carolina
09/10/2003
Via Federal Express (2nd Day)

TO: Angie Lattery
Best Buy Co., Inc.
7601 Penn Avenue South
Richfield, MN 56423

Phone: (612) 291-7421 ex:
FAX: (612) 292-2323
EMAIL: ANGIE.LATTERY@BESTBUY.COM

[Stamp: RECEIVED SEP 11 2003 Best Buy Co., Inc. Legal Dept.]

DATE: 9-11-03
TO: Zahir Siddiqui
CC: Cluron-Koss Scheck
FROM: Angie Lattery
(612) 291-7421

RE: **PROCESS SERVED IN SOUTH CAROLINA**

FOR   Best Buy Domestic State: Mn
      True Name: Best Buy Co., Inc.

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

1. TITLE OF ACTION: Ryan Brady vs Whirlpool Corporation and Best Buy
2. DOCUMENT(S) SERVED: Summons: Complaint
3. COURT: Common Pleas - Richland County, SC
   Case Number 03-CP-40-4298
4. NATURE OF ACTION: Propety Damages: House fire is alleged to have been casued by electrical short in Air Purifier - Serial Number 3995289
5. ON WHOM PROCESS WAS SERVED: CT Corporation System, Greenville, South Carolina
6. DATE AND HOUR OF SERVICE: By Process server on 09/10/2003 at 14:00
7. APPEARANCE OR ANSWER DUE: Within 30 days
8. ATTORNEY(S): James a. Merritt, Jr.
   Berry Equckenbush & Stuart PA
   P.O. Box 394
   Columbia, SC 29202
9. REMARKS: i-Note sent 09/10/2003 to ANGIE.LATTERY@BESTBUY.COM

*Answer Due on or before 10/10/03*

[Stamp: Date Recieved SEP 15 2003 Risk Management]

SIGNED      CT Corporation System
PER         Supervisor of Process /SP
ADDRESS     75 Beattie Place
            Greenville, SC 29602
            SOP WS 0005685129

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FIFTH JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND | ) | Civil Action No. _____ |
| | | |
| Ryan Brady, | ) | **03CP404298** |
| Plaintiff, | ) | |
| | ) | |
| | ) | SUMMONS |
| vs. | ) | |
| | ) | FILED 2003 SEP -5 PM 4:45 |
| Whirlpool Corporation and Best Buy, | ) | BARBARA A. SCOTT C.C.C. & G.S. |
| Defendants. | ) | |

TO: THE ABOVE-NAMED DEFENDANTS:

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, a copy of which is hereby served upon you, and to serve a copy of your answer on the subscribers at their offices, 1901 Main Street, 14th Floor, Post Office Box 394, Columbia, SC 29202, within thirty (30) days after the service hereof, exclusive of the day of service; and if you fail to answer the Complaint within the time aforesaid, judgment by default for the relief demanded in the Complaint will be rendered against you.

BERRY, QUACKENBUSH & STUART, P.A.

James A. Merritt, Jr., Esquire
Kelli L. Sullivan, Esquire
Attorney for Plaintiff
1400 Main Street
Post Office Box 394
Columbia, South Carolina 29202
(803) 779-2650

Columbia, South Carolina
September 5, 2003

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FIFTH JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND | ) | Civil Action No. _____ |
| | | |
| Ryan Brady, | ) | |
| Plaintiff, | ) | 03CP404298 |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | (Jury Trial Requested) |
| Whirlpool Corporation and Best Buy, | ) | |
| Defendants. | ) | |

FILED 2003 SEP -5 PM 4:45 BARBARA A. SCOTT C.C.C. & G.S.

Plaintiff, complaining of the Defendant herein alleges that:

1. Plaintiff is a resident of Richland County, South Carolina.

2. Defendant, Whirlpool Corporation is a corporation organized and existing under the laws of one of the States of the United States, with its principal place of business in Benton Harbor, Michigan.

3. Defendant Whirlpool was the manufacturer of an air purifier, Serial number 3995289 purchased by the Plaintiff on August 7, 2001 at a Best Buy store.

4. Upon information and belief, Defendant Best Buy, the retailer of the air purifier, is a corporation incorporated under the laws of one of the states of the United States, and has several stores located in South Carolina.

5. On February 21, 2002 a fire broke out at Plaintiff's home at 116 Doris Court, severely damaging the home and completely destroying the contents of the house.

6. Upon information and belief, the cause of the fire was an electrical short in the air purifier.

7. As a result of the fire, the Plaintiff has suffered, and will in the future suffer:

    a.    Mental and emotional distress;

    b.    Expenses in the form of the replacement cost of the items in the home;

    c.    Expenses in the form of repair costs to the home;

    d.    Loss of time and resources allocated to the repair and replacement of the home that would normally be allocated to other pursuits;

## FOR A FIRST CAUSE OF ACTION
(Negligence)

8. Plaintiff restates and realleges each and every allegation of this complaint as if repeated herein verbatim.

9. Defendant Whirlpool was negligent, grossly negligent, careless and reckless in the following ways:

    a.    in failing to properly build, design and /or manufacture the air purifier so as to not catch fire;

    b.    in failing to equip the air purifier with an automatic "off" switch in case of an equipment failure;

    c.    in failing to provide adequate warnings and instructions for the air purifier which would alert the Plaintiff that the purifier posed a risk of fire;

    d.    in such other particulars as may be ascertained under discovery procedures or at trial.

10. Defendant Best Buy was negligent, grossly negligent, careless and reckless in offering the defective and dangerous product to the public through its chain of stores.

11. The injuries and damages suffered by the Plaintiff herein are the direct and proximate result of the negligence of the Defendants herinabove set out, combining and concurring with one another.

## FOR A SECOND CAUSE OF ACTION
### (Breach of Implied Warranty)

12. Plaintiff restates and realleges each and every allegation of this complaint as if stated herein verbatim.

13. In manufacturing, distributing, selling and placing in the stream of interstate commerce the air purifier, the Defendants impliedly warranted that the same was merchantable and fit for the ordinary purpose to which such items are put.

14. The items was not merchantable in that it was not properly designed, manufactured, nor fitted to the job at hand as set forth in the preceding paragraphs.

15. As a result of its lack of merchantability, it exposed foreseeable users to unreasonable risks of harm and injury and failed to comply with applicable safety standards.

16. As a direct and proximate result of the Defendants' breaches of implied warranties of merchantability, the Plaintiff was injured and damaged as stated above.

## FOR A THIRD CAUSE OF ACTION
### ( Fitness for a Particular Purpose)

17. Plaintiff restates and realleges each and every allegation as if repeated herein verbatim.

18. In manufacturing, distributing, selling and placing in the stream of interstate commerce the air purifier, the Defendants impliedly warranted that same was fit for a particular purpose, that is for safe use.

19. The Defendants had reason to know the particular purpose for which the goods were required which they manufactured, distributed, sold and placed into the stream of commerce.

20. The Plaintiff relief upon the skill of the Defendants to select and furnish suitable goods, and that the Defendants had reason to know the particular purpose for which the goods were required.

21. The product was not fit for the particular purpose for which it was being used and it was not safely designed or fitted for safe operation in this application.

22. As a direct and proximate result of these Defendants breaches of implied warranties and of fitness for a particular purpose, the Plaintiff suffered the injuries and damages set out above.

## FOR A FOURTH CAUSE OF ACTION
### (Strict Liability)

23. Plaintiff restates and realleges each and every allegation of this complaint as if repeated herein verbatim.

24. The Defendants sold and distributed into the stream of interstate commerce a product which was in defective condition and was unreasonably dangerous.

25. Defendants expected the product to reach users and consumers without substantial change in condition in which it was sold.

26. The product did reach the Plaintiff in such condition.

27. The injuries and damages suffered by the Plaintiff were the direct and proximate result of the defective and unreasonably dangerous conditions created by the product.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendants in a sum sufficient to adequately compensate him for actual damages which are in excess of $ 50,000.00, for punitive damages, for the costs of this action, and for such other relief as the Court may deem just and proper.

BERRY, QUACKENBUSH & STUART, P.A.

_____
James A. Merritt, Jr., Esquire
Kelli L. Sullivan, Esquire
Attorneys for Plaintiff
1400 Main Street, Suite 1400
P.O. Box 394
Columbia, South Carolina 29202-0394
(803) 779-2650

Columbia, South Carolina
September 5, 2003

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Ryan Brady, | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT BEST BUY'S CONSENT** |
| Whirlpool Corporation and Best Buy, | ) | **TO REMOVAL** |
| | ) | 28 U.S.C. § 1441(a) |
| Defendants. | ) | |
| | ) | |

Defendant Best Buy hereby consents to removal of this action from the Court of Common Pleas, Fifth Judicial Circuit, Richland County, South Carolina, where it is now pending, to the United States District Court for the District of South Carolina, Columbia Division.

Respectfully submitted,

This _____16th_____ day of October, 2003.

McCUTCHEN, BLANTON, JOHNSON & BARNETTE, LLP

BY: _____
Evans Taylor Barnette
1414 Lady Street
Post Office Drawer 11209
Columbia, South Carolina 29211-1209
803-799-9791
Attorneys for the Defendant Best Buy